NEW HAMPSHIRE SAVINGS BANK v. NANCY B. BARROWS.

June 26, 1899.

Nos. 11,624—(159).

Judgment against Husband not a Lien upon Wife's Third—G. S. 1894, § 4472..

> *Held*, the failure of the widow to elect, under G. S. 1894, § 4472, to renounce the provision made for her in the will of her deceased husband, and take under the statute, does not have the effect of giving to her late husband's judgment creditor a lien on the land which would descend to her under the statute, and the lien of such judgment is in no manner affected by her election or failure to elect.

Action in the district court for Hennepin county to determine adverse claims to land. The case was tried before Harrison, J., who found in favor of plaintiff; and from a judgment entered pursuant to the findings, defendant appealed. Reversed.

*Wm. H. Hallam*, for appellant.

*C. A. Bucknam*, for respondent.

CANTY, J.

Defendant claims an undivided one-third of the land in controversy as her statutory dower. At the time of her husband's death, and for a long time prior thereto, he was the owner of the land in fee simple. Before his death the plaintiff bank recovered a judgment against him for the sum of $1,319.02. The judgment was docketed, and became a lien on the land. He left a will in which he devised and bequeathed to defendant all his property, both real and personal, and appointed her sole executrix. The will was probated, letters testamentary were issued to her, and she administered the estate. The time in which to file claims was fixed, the time expired, plaintiff did not file its claim, and it never was allowed by the probate court. Thereafter plaintiff levied execution on the land, sold the same at execution sale, the time to redeem expired, and no redemption was made. Plaintiff, claiming to be the owner of the whole of the land, brought this action to determine the adverse claims of defendant. On the trial the court found for

plaintiff, and held that defendant had no right or interest in the land. From the judgment entered accordingly, defendant appeals.

G. S. 1894, § 4472, provides, in substance, that when a parent dies testate, having by his or her will made provision for the surviving husband or wife in lieu of the interest secured to such survivor by statute, unless such survivor within six months after the probate of the will does, by instrument in writing filed in the probate court, renounce and refuse to accept the provision made by the will, such survivor will be deemed to have elected to take under the will, and in accordance with the terms thereof. It is further provided that no devise or bequest to any surviving husband or wife shall be construed to be in addition to the statutory interest of such survivor, unless such clearly appears from the contents of the will to have been the intention of the testator or testatrix. Three of his children survived the testator, and the widow never filed any such renunciation within the six months, or at all.

Respondent contends that for this reason the surviving widow took by purchase, and not by descent, and that, therefore, respondent's judgment became a lien on her statutory one-third of the land, so that the sale on execution passed title to the whole when the year to redeem expired. In our opinion, defendant's election, or failure to elect, could not in any manner affect the lien of respondent's judgment. Before the death of the judgment debtor, the judgment was an absolute lien on two-thirds of the land, and a contingent lien on the other one-third. If she died before her husband, this contingent lien would become absolute; but, if he died first, such lien would cease. He did die first, and therefore the lien of the judgment on this one-third did cease. The rights of the parties then became fixed. A judgment lien cannot be acquired on the land of the judgment debtor after his death. Byrnes v. Sexton, 62 Minn. 135, 64 N. W. 155. Therefore the failure of the widow to elect within the six months could not operate to give plaintiff a lien which it did not have at the time of, and immediately after, the death of the judgment debtor.

This disposes of the case, and it is not necessary to consider further the purpose or effect of section 4472.

The judgment is reversed, and the case remanded, with direction to the court below to enter judgment on the findings of fact, adjudging that plaintiff is the owner in fee simple of an undivided two-thirds of the land in question, and that the defendant is the owner in fee simple of the other undivided one-third thereof.